|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF PUERTO RICO | |
| JUAN A. RIVERA-GOMEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil No. 10-1098 (JAF)<br><br>(Crim. No. 07-453) |

**OPINION AND ORDER**

Petitioner, Juan A. Rivera-Gómez, brings this pro-se petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence was imposed in violation of his constitutional rights. (Docket No. 1-2.) The Government opposes. (Docket No. 3.) Petitioner replies (Docket No. 4) and moves for an evidentiary hearing (Docket No. 5).

**I.**

**Factual and Procedural Summary**

We draw the following narrative from Petitioner's motion, the Government's response, and Petitioner's reply. (Docket Nos. 1; 3; 4.) Petitioner was indicted on seven charges relating to his role as leader in a narcotics conspiracy. (Crim. No. 07-453, Docket No. 3.) Count one charged Petitioner with conspiracy to possess with intent to distribute one kilogram ("kg") or more of heroin, fifty grams or more of cocaine base ("crack"), five kg or more of cocaine, and unspecified quantities of marijuana, oxycodone, and alprazolam, all in violation of 18 U.S.C. §§ 841, 846, 860. (Id.) Count six charged Petitioner with aiding and abetting the possession

of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Id.)

Petitioner agreed to plead guilty to counts one and six, in exchange for the Government's recommendation for dismissal of the other five counts. (Crim. No. 07-453, Docket Nos. 570; 1649.) As part of his plea agreement, Petitioner stipulated that he was liable for conspiring to possess at least one but less than three kg of heroin, at least five but less than fifteen kg of cocaine, and at least 150 but less than 500 grams of crack. (Id.) Petitioner was sentenced to 156 months' imprisonment and ten years' supervised release for count one. (Crim. No. 07-453, Docket No. 1828.) He was sentenced to sixty months' imprisonment and an additional sixty months' supervised release for count six. While the terms of imprisonment were sentenced to run consecutively, the terms of supervised release were to be concurrent.

Petition appealed our judgment but Petitioner's appellate counsel filed a motion seeking to withdraw from representation, in compliance with Anders v. California, 386 U.S. 738 (1967). Petitioner then filed a pro-se brief before the First Circuit. (Docket No. 3-3.) He argued that the indicted conduct was beyond the statute of limitations, that appellate counsel was ineffective in counseling him to plead guilty to count six where there was insufficient evidence Petitioner had handled a firearm, and that the sentencing enhancement for distributing drugs in a protected location "[was] not jurisdictional[ly] applicable." The First Circuit summarily affirmed our decision, finding that Petitioner's arguments were frivolous. (Crim. No. 07-453, Docket No. 1958.)

## II.

**Standard for Relief Under 28 U.S.C. § 2255**

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his or her sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id.

The petitioner is entitled to an evidentiary hearing unless the "allegations, even if true, do not entitle him to relief, or . . . the movant's allegations need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible." Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007) (internal quotation marks omitted) (quoting David v. United States, 134 F.3d 470, 477 (1st Cir. 1998)); see also § 2255(b).

## III.

## Analysis

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

We first note that grounds four and five, as enumerated by Petitioner in his § 2255 motion, were previously raised on direct appeal: (4) trial counsel was ineffective in counseling Petitioner to plead guilty to the § 924(c) firearms charge; and (5) the sentencing enhancement for drug distribution in a protected location suffered from a "jurisdictional" infirmity. We cannot adjudicate a claim under § 2255 that was previously brought on direct appeal unless

Civil No. 10-1098 (JAF)                                                                                                    -4-

equitable considerations like actual innocence or cause and prejudice weigh in favor of collateral review. See Conley v. United States, 323 F.3d 7, 22 (1st Cir. 2003) (citing Withrow v. Williams, 507 U.S. 680, 721 (1993) (Scalia, J., concurring)). Petitioner has made no demonstration of actual innocence or of cause and prejudice that may have affected his prior litigation of this claim on direct appeal. For this reason, we will not consider these two grounds.

Petitioner's remaining claims are that trial counsel allegedly provided ineffective assistance in the following ways: (1) failing to move to dismiss the indictment based on charged conduct occurring outside the five-year statute of limitations, see 18 U.S.C. § 3282; (2) advising Petitioner to plead guilty to a larger amount of cocaine than charged; and (3) failing to object to the fifteen-year term of supervised released imposed at sentencing.

The success of a claim of ineffective assistance of counsel under § 2255 depends on a petitioner's showing both a deficient performance by his trial counsel and a resulting prejudice. Peralta v. United States, 597 F.3d 74, 79 (1st Cir. 2010). Deficient performance is present where the trial counsel's representation "fell below an objective standard of reasonableness," a standard that is informed by "prevailing professional norms." Id. (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)). Choices made by counsel that could be considered part of a reasonable trial strategy rarely amount to deficient performance. See Strickland, 466 U.S. at 690. Counsel's decision not to pursue "futile tactics" will not be considered deficient performance. Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999); see also Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990) (stating that failure to raise meritless claims is not deficient performance). To succeed on a claim of ineffective assistance of counsel, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of

reasonable professional assistance." Strickland, 466 U.S. at 689. This inquiry into counsel's performance is "highly deferential" and rejects comparisons to "perfect advocacy judged with the benefit of hindsight." Sleeper v. Spencer, 510 F.3d 32, 38 (1st Cir. 2007) (quoting Yarborough v. Gentry, 540 U.S. 1, 8 (2003)). Prejudice exists where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

**A.     Statute of Limitations**

Petitioner claims that the charged conduct fell outside the statute of limitations and his trial counsel was ineffective by not moving to dismiss the indictment. At the outset, we note that the First Circuit has previously denied Petitioner's argument that the statute of limitations rendered the indictment defective. (Crim. No. 07-453, Docket No. 1958.) In general, crimes that are not capital offenses must be indicted within five years from the commission of the offense. See 18 U.S.C. § 3282. In conspiracy cases, the statute of limitations runs from the date of the last overt act in furtherance of the conspiracy. See Grunewald v. United States, 353 U.S. 391, 396–97 (1957); United States v. Keohane, 918 F.2d 273, 275 (1st Cir. 1990). Furthermore, conspiracies that "contemplate[] a continuity of purpose and a continued performance of acts" are presumed to exist until an affirmative showing that they terminated. United States v. Piper, 298 F.3d 47, 53 (1st Cir. 2002) (quoting United States v. Elwell, 984 F.2d 1289, 1293 (1st Cir. 1993)). The indictment charged a conspiracy beginning in 1998 and continuing through the return of the indictment in 2007. Absent some indication that Petitioner had actively withdrawn from the conspiracy prior to 2002, Petitioner's trial counsel lacked a basis to argue that the

Civil No. 10-1098 (JAF)                                                                                                     -6-

indictment violated § 3282.  Therefore, we find that trial counsel's decision to forgo a meritless statute-of-limitations argument was not an example of deficient representation of Petitioner.

**B.     Drug Quantity**

Petitioner next argues that his trial counsel was ineffective in recommending a plea agreement in which "the stipulated amount of drug quantity completely change [sic] excessively where no lab reports of drug seizure was [sic] ever present or confiscated." (Docket No. 1-2 at 5.)  He further argues that Government witnesses at the trial of his codefendants "never established any transaction or quantity of heroin as the Government presented in [the] plea agreement." (Docket No. 4 at 3.)

Assuming, for the sake of argument, that trial counsel never received any lab reports specifying weights of narcotics seized, Petitioner still has not demonstrated deficient performance by his trial counsel.  Lab reports are only one way in which the Government may establish the quantity of drugs distributed by a conspiracy.  In the trial of Petitioner's codefendants, an unindicted coconspirator testified that Petitioner was in charge of processing between three-fourths and one kg of crack per week as early as 2004 and as part of a conspiracy that lasted through late 2007. (Crim. No. 07-453, Docket No. 1406 at 28–33.) Petitioner's plea stipulated to possession of only 150–500 grams of crack. As to the amount of heroin, the Government produced the testimony of a coconspirator that the conspiracy had distributed at least one kg of heroin.  For these reasons, we find the alleged lack of lab reports would not render deficient counsel's advice in favor of the plea agreement.

Even if we broadly construe Petitioner's argument to be an allegation that trial counsel failed to properly investigate the Government's case before recommending acceptance of the

plea offer, the Petitioner fails to demonstrate prejudice to his case. When claiming ineffective assistance of counsel in accepting a plea offer, a petitioner's defense is not prejudiced unless he can show a reasonable probability that, were it not for counsel's error, he would not have pleaded guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). In this case, Petitioner has not claimed that he would have rejected the plea offer in favor of a trial. As one of the leaders of a large drug-distribution conspiracy operating over eight years, and processing nearly a kilogram of crack each week from 2004 onward, Petitioner experienced a considerable benefit by stipulating to a relatively-small quantity of drugs and receiving the adjustment for acceptance of responsibility. Given the amounts of crack Petitioner and his organization were distributing, we find it improbable that he would have passed on this deal simply because there were no lab reports specifying quantities of narcotics.

**C.     Supervised Release**

Finally, Petitioner argues that trial counsel was ineffective in not filing a sentencing memorandum in objection to the presentence report's recommendation for supervised release. He claims that his "15 years supervised release . . . is excessive" and moves us to vacate. First, we must clarify that Defendant was sentenced to a ten-year term of supervised release for count one and a five-year term of supervised release for count six. The terms, however, are being served concurrently. Second, the supervised release term for count one was mandated by statute. The quantity of drugs Petitioner stipulated to in count one mandated a five-year term of supervised release. See 21 U.S.C. 841(b)(1)(A). Furthermore, because the crime was committed in a public housing project, the five-year term of supervised release prescribed by § 841 must be doubled. See 21 U.S.C. § 860 (a). An objection to these statutorily-mandated

terms would have been futile and, therefore, the absence of such objection is not demonstrative of deficient performance of trial counsel.

As for the supervised-release term imposed for count six, this sentence was within the court's discretion. While counsel may have argued for a shorter term of supervision by submitting a sentencing memo, Petitioner was not prejudiced by the lack of such argument because this five-year term of supervision runs concurrently with the mandatory ten years of supervision sentenced for count one.

## IV.
### Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever we deny § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). We see no way in which a reasonable jurist could find our assessment of Petitioner's constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.
### Conclusion

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1) and motion for an evidentiary hearing (Docket No. 5). Pursuant to Rule 4(b) of the Rules

Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 30th day of November, 2010.

                                                                                                    s/José Antonio Fusté  
                                                                                                     JOSE ANTONIO FUSTE  
                                                                                                     Chief U.S. District Judge